UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LEOBARDO SIMENTAL On behalf of HIMSELF and All Others Similarly Situated, | ) ) ) ) |
| *Plaintiff,* | ) ) ) | CIVIL ACTION |
| v. | ) ) | CASE NO. 2:11-CV-0013-WCO |
| KOCH FOODS, INC., KOCH FOODS OF GAINESVILLE, LLC, and KOCH FOODS OF CUMMING, LLC, | ) ) ) ) |
| *Defendants.* | |

## COLLECTIVE ACTION COMPLAINT

## INTRODUCTION

1.  Leobardo Simental ("Plaintiff") brings this collective action lawsuit against Defendants Koch Foods, Inc., Koch Foods of Gainesville, LLC, and Koch Foods of Cumming, LLC (hereinafter referred to together as "Defendants" or "Koch Foods"), seeking to recover for violations of the Fair Labor Standards Act of 1938 (also referred to herein as "FLSA"), 29 U.S.C. §§ 201, *et seq.*, as amended by the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251 *et seq.*, for the purpose of obtaining relief for, *inter alia,* unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.  Pursuant to 29 U.S.C. § 216(b), the Plaintiff also seeks to represent all other similarly situated

past and present employees, as described herein, who have not been paid for all compensable time worked and to have this action certified as a collective action.

2. Plaintiff is a former employee of Koch Foods who worked at Koch Foods' chicken processing facilities in Cumming and Gainesville, Georgia. Throughout his employment with Koch Foods, Plaintiff was paid by Koch Foods according to "line time." Additionally, Plaintiff received one unpaid break each day that Koch Foods claims is a thirty-minute break. Koch Foods claims that this purported thirty-minute unpaid break is a "meal period," as contemplated by the FLSA. However, Plaintiff did not actually receive a *bona fide* meal period as is required by the FLSA.

3. Throughout Plaintiff's employment with Koch Foods, Koch Foods required him to perform certain work-related activities without pay in violation of the FLSA. These activities included time Plaintiff spent: (a) changing into and out of equipment/gear/clothing; (b) waiting to pick up and drop off equipment/gear/clothing; (c) sanitizing himself and his equipment/gear/clothing; (d) maintaining his gear and equipment; (e) traveling to and from the production line; and (f) waiting at the production line for his work to begin. Plaintiff performed this unpaid work at the beginning of his shift, after his shift ended, and during his unpaid thirty-minute break. This lawsuit seeks liquidated damages for

the entire statutory period in an amount equal to the alleged unpaid or underpaid overtime wages.

4. Additionally, because Plaintiff performed work during his unpaid breaks, as described in part in paragraph 2 of this Collective Action Complaint, he received less than a full thirty minutes, which does not constitute a *bona fide* meal period. Accordingly, Plaintiff seeks compensation for this unpaid break.

5. Plaintiff's claims are based, at least partly, on the United States Supreme Court's unanimous decision in *Alvarez*, which held that employees who work in meat and poultry processing plants must be paid for the time they spend walking between the location where they put on and take off protective equipment/gear and the location where they process the meat or poultry. *IBP vs. Alvarez*, 546 U.S. 21 (2005). The Court determined that "donning" and "doffing" protective equipment/gear is a "principal activity" under the Portal-to-Portal Act, 29 U.S.C. 254, and thus time spent in those activities, as well as any walking and waiting time that occurs after the employee engages in his first principal activity and before he finishes his last principal activity, is part of a "continuous workday" and is compensable under the FLSA, 29 U.S.C. §§ 201, *et seq. Id.*

6. For himself and all those similarly situated, Plaintiff seeks unpaid hours worked, unpaid overtime, liquidated damages, all available equitable relief,

3

attorneys' fees, and litigation expenses/costs, including expert witness fees and expenses.

## JURISIDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendants reside in this judicial district in that they regularly conduct business within this judicial district and thus are subject to personal jurisdiction within this judicial division. Venue is proper in the Gainesville Division of the Northern District of Georgia because one or more of the Defendants resides in the Gainesville Division and because this cause of action arose within the Gainesville Division. LR 3.1, B.(1)(a) and B.(3), NDGa.

## PARTIES

**A. Plaintiff**

9. Plaintiff, Leobardo Simental, is over the age of nineteen (19) and was an employee at the Cumming and Gainesville, Georgia facilities of Koch Foods.

**B. Defendants**

10. Defendant Koch Foods, Inc. is headquartered in Park Ridge, Illinois at 1300 Higgins Road, Suite #100, Park Ridge, Illinois 60068. Defendant Koch Foods, Inc. is incorporated in Delaware. Additionally, Defendant Koch Foods, Inc. is the parent company of Koch Foods of Gainesville and Koch Foods of Cumming.

11. Defendant Koch Foods of Gainesville is incorporated in Georgia and maintains a principal office address at 950 Industrial Boulevard in Gainesville, Hall County, Georgia.

12. Defendant Koch Foods of Cumming is incorporated in Georgia and maintains a principal office address at 221 Meadow Drive in Cumming, Forsyth County, Georgia.

13. At all relevant times, all three Defendants were and are regularly engaged in interstate commerce and were and are an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-07, and at all material times Defendants have been and are an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff asserts his FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All individuals who are or were paid in accordance to Koch Foods' "line time" policy at any time since January 23, 2008 to the present at Koch Foods' Cumming and Gainesville, Georgia facilities.

15. Plaintiff is representative of a class of employees of Koch Foods who were/are not paid for all hours worked as a result of Koch Foods' "line time" policy and who were/are not provided a *bona fide* meal period as mandated by the FLSA. Plaintiff has actual knowledge that there are numerous employees who were/are not paid for all hours worked for Koch Foods as a result of Koch Foods' "line time" policy and who were/are not provided a *bona fide* meal period as mandated by the FLSA.

16. All, or virtually all, of the legal and factual issues that will arise in litigating the class claims are common to the Plaintiff those he seeks to represent. These issues include:

    a. Uncompensated work time in question, which constitutes principal activities integral and indispensable to the performance of jobs of Plaintiff and those he seeks to represent as required by Koch Foods and performed by Plaintiff and those he seeks to represent prior to the scheduled start of their shifts, after the scheduled end of their shifts, and during unpaid breaks.

    b. The unpaid break periods in question, which Plaintiff claims is compensable time under the FLSA, as such breaks do not constitute *bona fide* meal periods under the FLSA.

## **DEFENDANTS' COMMON BUSINESS PRACTICES**

17.  Koch Foods employs/employed hundreds of workers at its Cumming and Gainesville, Georgia facilities, including Plaintiff in this action and others similarly situated, who perform manual labor associated with the killing, processing, and packaging of chicken.

18.  During the relevant time period to this action, Koch Foods utilizes/utilized the same compensation and time-keeping policy and practice with respect to the production employees at its Cumming and Gainesville, Georgia facilities, including Plaintiff.  This common compensation and time-keeping policy is known as "line time."

19.  The complained of unlawful practices and improper actions at issue in this Complaint have affected Koch Foods' present and former workers at the Cumming and Gainesville, Georgia facilities, including the Plaintiff.

20.  Plaintiff and those similarly situated are/were directly employed by Koch Foods, are/were paid an hourly wage, and are/were not exempt from the FLSA's wage and hour requirements.

21.  Due to the nature of its operations in its Cumming and Gainesville, Georgia facilities, Koch Foods requires or allows Plaintiff and those similarly situated to wear, maintain, and utilize various combinations of equipment necessary to ensure sanitary conditions, protect workers and consumers from

injury, and comply with federal and state governmental safety and health regulations and mandates. Depending on the job assignment, this worker and consumer safety equipment (hereinafter the "safety equipment") may include, but is not limited to, the following items: smocks, aprons, hair nets, plastic sleeves, plastic gloves, cloth gloves, beard nets, hearing protection devices, eye guards, cotton gloves, cut resistant gloves, steel gloves, arm guards, and rubber boots.

22. Pursuant to Koch Foods' common business practices and during the time period relevant to this lawsuit, at the commencement of each workday Plaintiff and those similarly situated gathered and/or donned their equipment in common pick-up/changing areas. After readying and donning the protective equipment, they traveled to their workstations within the facility and waited for production work to begin.

23. The compensation for Plaintiff and those similarly situated is/was based upon the time the processing line is in operation ("line time") rather than the time actually spent working.

24. In accordance with Koch Foods' common business practices, and during the time period relevant to this lawsuit, Plaintiff and those similarly situated are/were not compensated for all time spent performing essential and necessary pre-production line activities, such as, *inter alia*, waiting for protective equipment, gathering equipment, donning equipment, readying equipment, sanitizing

themselves and their equipment, traveling from the common pick-up/changing areas to the workstation, or waiting at the workstation for production work to begin. Even though the FLSA requires Koch Foods to pay workers for all time accrued, less *bona fide* meal periods, Koch Foods has implemented and maintained the common business practice of willfully failing to record all such work time to compensate workers for such work time, which often exceeds forty (40) hours in a work week.

25. Pursuant to Koch Foods' common business practices and during the time period relevant to this lawsuit, Plaintiff and those similarly situated receive/received an unpaid break that Koch Foods claims is the employees' "meal break." Koch Foods claims that this "meal break" is a thirty-minute break.

26. During the relevant time period to this lawsuit, Koch Foods also employs/employed a common business practice of not compensating Plaintiff and those similarly situated for all time spent during their unpaid breaks doffing their equipment, donning their equipment, and sanitizing themselves and their equipment. As a result of performing this work during their unpaid break, Plaintiff and those similarly situated did not/do not receive a full thirty minutes for their meal periods, as is required by the FLSA. As such, they should be compensated for this entire thirty-minute period.

27. Upon the completion of their production work, Plaintiff and those similarly situated, pursuant to Koch Foods' common business practices and during the time period relevant to this lawsuit, are/were required to travel from their workstations to common drop-off/changing areas, where Plaintiff and those similarly situated doff/doffed their equipment.

28. Pursuant to Koch Foods' common business practices and during the time period relevant to this lawsuit, Plaintiff and those similarly situated are/were not compensated for all time spent performing essential and necessary post-production line activities, such as, *inter alia,* traveling from their work stations to the common changing/drop-off locations, waiting to doff their equipment, doffing their equipment, waiting to return their equipment, or returning their equipment.

29. The protective equipment worn and used by Plaintiff and those similarly situated is necessitated by important health and safety risks to both workers and consumers associated with Koch Foods' chicken processing and packaging operations, and the donning, doffing, and distribution of such protective equipment is an integral and indispensable part of the principal activities for which they are employed.

## **FACTS PERTAINING TO PLAINTIFF**

30.     During the relevant time period, Plaintiff and those similarly situated are/were employed by Koch Foods at its Cumming and Gainesville, Georgia facilities.

31.     Plaintiff and those he seeks to represent are/were paid an hourly wage and are/were not exempt from the FLSA's wage and hour requirements.

32.     Plaintiff and those similarly situated are/were required to wear, maintain, and utilize various safety equipment, all of which are an integral and indispensable part of the principal activities for which they are/were employed. Such safety equipment included, *inter alia*, the following: smocks, aprons, cloth gloves, rubber gloves, protective sleeves, hairnets, and other equipment. At the beginning of each workweek, Plaintiff and those similarly situated are/were required to pick up this equipment at designated pick up locations outside of the facilities' production areas. At the beginning and end of his workday, Plaintiff and those similarly situated don/donned and doff/doffed such equipment in a common area located outside of the facilities' production areas. Plaintiff and those similarly situated also doff/doffed and don/donned this equipment at the beginning and end of their unpaid break.

33.     Plaintiff and those similarly situated have not been paid for all of their pre-production line and post-production line work, including, *inter alia*, time spent:

waiting to gather their protective equipment, gathering their protective equipment, donning their clothing/gear, sanitizing themselves and their protective equipment, traveling between the common pick-up/changing location to their workstations, waiting at their workstations for production work to begin, waiting to doff their equipment, doffing their equipment, waiting to return their equipment, and returning their equipment.  All of these activities were an integral and indispensable part of the principal activities for which Plaintiff and those he seeks to represent were employed.

34. As a result of Koch Foods' compensation system, Plaintiff and other production employees are/were not paid for all of the time which they worked.

35. During the applicable time period, Plaintiff, and other similarly situated individuals, receive/received three breaks during the course of their workday with Koch.  One of these breaks is/was an unpaid break that Koch Foods claims is a thirty-minute break for Plaintiff and those similarly situated to have a meal.  However, during the applicable time period, Plaintiff and those similarly situated do not/did not receive a full thirty-minute break for this meal period, because a significant time during the beginning and end of this unpaid break was spent donning safety gear, doffing safety gear, sanitizing themselves and their equipment, and walking from and to their workstation to the sanitation station and to the break room.

36.     Plaintiff, and other similarly situated individuals, work/worked at Koch Foods' chicken processing facilities in Cumming and Gainesville, Georgia, and are/were deprived of their lawful wages under the FLSA in the same manner.

37.     Koch Foods' failure to pay Plaintiff and those similarly situated their lawful wages was and is willful. Koch Foods knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

38.     Koch Foods' failure to pay wages and overtime pay to Plaintiff and those similarly situated in accordance with the FLSA and the regulations enacted thereunder was neither reasonable, nor in good faith.

39.     Despite its knowledge that time spent by Plaintiff and those similarly situated, as described above, was compensable time under Federal law, Koch Foods deliberately chose not to take any steps to fully compensate workers at its Gainesville, Georgia and Cumming, Georgia facilities.

**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201**
*et seq.*
**COUNT I**
**(Compensation Due for Work Performed Off-the-Clock - 29 U.S.C. § 206(b).)**

40.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

41.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

42. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

43. Plaintiff and those he seeks to represent are covered employees entitled to the FLSA's protections.

44. Plaintiff and those he seeks to represent are not exempt from receiving FLSA overtime benefits because, *inter alia,* they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

45. Each Defendant is a covered employer required to comply with the provisions of the FLSA.

46. Koch Foods has violated the FLSA with respect to Plaintiff and those similarly situated by, *inter alia,* failing to compensate them for all hours worked and, with respect to such hours, failing to pay them the legally mandated overtime premium for such work.

47. In violating the FLSA, Koch Foods acted willfully in its violations of the applicable FLSA provisions by recklessly disregarding the provisions of the FLSA.

48. Pursuant to the FLSA, specifically 29 U.S.C. § 216(b), Koch Foods, because it failed to pay employees the required amount of overtime at the statutory

rate, must reimburse Plaintiff and those similarly situated who join this case pursuant to § 216(b) not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

49. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and those similarly situated are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## COUNT II
**(Compensation Due for Failure to Provide *Bona Fide* Meal Period)**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. Koch Foods is a covered employer required to comply with the FLSA's mandates.

52. Under the FLSA, *bona fide* meal periods are not work time. *See* 29 C.F.R.785.19.

53. *Bona fide* meal periods are "rest periods" when employees "must be completely relieved from duty for the purposes of eating regular meals." *See* 29 C.F.R. 785.19. "Ordinarily 30 minutes or more is long enough for a *bona fide* meal period." *Id.*

15

54. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

55. Plaintiff and those similarly situated are covered employees entitled to the FLSA's protections.

56. Plaintiff and those similarly situated are not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

57. Plaintiff and those similarly situated spent time during their unpaid break doffing their equipment, donning their equipment, sanitizing themselves and their equipment, and walking to and from their workstation to the sanitation stations to the break room. Accordingly, Koch Foods has violated the FLSA with respect to Plaintiff and those similarly situated by failing to provide a *bona fide* meal period.

58. Because the unpaid breaks provided to Plaintiff and those similarly situated are not *bona fide* meal periods, and, therefore, considered work time under the FLSA, Plaintiff and those similarly situated are entitled to be compensated for such time.

59. In violating the FLSA with respect to not providing Plaintiff and those similarly situated with a *bona fide* meal period, Koch Foods willfully violated applicable FLSA provisions by recklessly disregarding the provisions of the FLSA.

60. Pursuant to the FLSA, specifically 29 U.S.C. § 216(b), Koch Foods, because it failed to provide a *bona fide* meal period, must reimburse Plaintiff and those similarly situated not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and those similarly situated are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C. A judgment against Koch Foods and in favor of Plaintiff and others similarly situated, for compensation for all hours worked, including their unpaid break, at a rate not less than the applicable minimum wage as well as the amount of

unpaid and underpaid overtime that Koch Foods has failed and refused to pay in violation of the FLSA;

D. A finding that Koch Foods' violations of the FLSA are and/or were willful;

E. An injunction prohibiting Koch Foods from violating the FLSA;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA; and,

H. Such other and further relief as this Court deems just and proper.

Date: January 23, 2011                              Respectfully submitted,


/s/ *Spence Johnson*_____
**SPENCE JOHNSON**
**Georgia Bar No. 395469**
**DUSTIN MARLOWE**
**Georgia Bar No. 773538**
ORR BROWN JOHNSON LLP
P.O. Box 2944
Gainesville, GA  30501
sjohnson@orrbrownjohnson.com
dmarlowe@orrbrownjohnson.com
Telephone: (770) 534-1980

**GEORGE E. BARRETT**
**DAVID W. GARRISON**
**SCOTT P. TIFT**
BARRETT JOHNSTON LLC
217 Second Avenue North
Nashville, TN 37201
gbarrett@barrettjohnston.com

dgarrison@barrettjohnston.com
stift@barrettjohnston.com
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

*Attorneys for Plaintiff, Pending Application for Pro Hac Vice Admission*